## Johnson *vs.* Poullain, Sr.

Where a receiver appointed to invest funds raised from the sale of a house and lot valued and sold for more than $2,000.00, purchased another house and lot at $2,500.00, and the husband and wife gave their note for the balance over and above the fund paid by the receiver, and secured it by mortgage on the property bought, recognizing the debt as purchase money in said mortgage:

*Held,* that whatever may be the equities between the parties on a proper case made, the court was right to dismiss a naked affidavit of illegality, and to order the execution to proceed.

Homestead. Before Judge BARTLETT. Greene Superior Court. March Term, 1878.

Reported in the opinion.

E. C. KINNEBREW, for plaintiff in error, cited Code, §2012; const. 1868, art. 7, §1; 55 *Ga.*, 383; 59 *Ib.*, 817, 330.

C. HEARD, for defendant, cited Code, §3968; 13 *Ga.*, 389; 18 *Ib.*, 488; 55 *Ib.*, 622; 56 *Ib.*, 94.

JACKSON, Justice.

Mrs. Johnson applied for a homestead out of a house and lot belonging to her husband in Greenesboro. The surveyor estimated the value of the premises at $3,000.00; whereupon the ordinary ordered it sold, and it sold for $2,350.00, and after paying prior liens or debts there was left $1,800.00 homestead money. A receiver was appointed to invest this sum in a homestead, and he bought a house and lot for the family from Dr. Poullain at $2,500.00, paying $1,800.00 cash. For the balance of purchase money therefor, the husband and wife gave a note secured by mortgage, in which the said sum was recognized as purchase money. Poullain foreclosed the mortgage, and execution was issued and levied upon the house and lot, which was met by affidavit of illegality by Mrs. Johnson. The court dismissed the affidavit, and this is the error complained of. The affidavit is a naked effort to stop the sale of the property without offering to rescind or praying for partition, or setting up any equity of any sort. Whatever may be the rights of the family under a proper bill filed or equitable pleadings at law, we are not called upon to adjudicate, as there is no equity set up in this affidavit; but it is an effort to stop the sale of the mortgaged property under the levy of the *fi. fa.*, without offering to divide, or rescind, or to pay, or to do anything else that equitable principles would demand.

There certainly was no error in dismissing such an affidavit and ordering the execution to proceed, and the judgment is affirmed.

Judgment affirmed.